May it please the Court. Norton Tooby for Mr. Hernandez-Ruiz. I guess the first issue I'd like to try to deal with, well, let me just say that this is a misdemeanor firearms conviction that's causing the deportation of Mr. Ruiz, thus this litigation. Even though no jail time was imposed, $25 fine, one year or so. How do we have jurisdiction over this? How does the Ninth Circuit have jurisdiction over this? The notice of appeal was timely filed. It was directly from the magistrate judge's order. The Supreme Court enacted a new federal rule of appellate procedure for A1C that says that an appeal from a quorum nobis denial is subject to the civil 60-day rule for filing a notice of appeal. And thus I'm just concerned about the timeliness issue. I understand. I am about it coming directly from the magistrate. Yes. I guess my point is that whether quorum nobis is considered civil or criminal for purposes of appellate procedure has been the subject of conflicting Well, I mean, the habeas is considered civil. Yes. And they work on a habeas matter. They give it to the district judge. The district court judge approves their recommendations or files his own order or her own order, and we get it. Yes. Why is that? Why should this be any different? Well, I guess I would Quorum nobis is just another fancy name for habeas, isn't it? Well, in this, I would say there's a number of reasons. The new rule I I've always wanted to know. What's the difference between quorum nobis and habeas? There's no custody requirement for quorum nobis. There's no custody requirement for habeas? I have understood that there was. Oh. And there's a custody requirement for 2255 and not for quorum nobis. That's the difference as far as I'm aware. The first time I've seen a quorum nobis that I can remember in, oh, three decades. It'll be four. Soon it'll be five. Well, no, we snuck in there before you got to that point. To answer your question, number one, the new rule about the time limit basically treats quorum nobis as civil. Number two, in this case, the magistrate judge denying quorum nobis filed a judgment in a civil case. Thus What gives them the authority to file a judgment in a civil case? I think that even though it is clear that quorum nobis is a step in a criminal case, it is clearly appropriate to use civil, certain civil procedures in deciding it. There's no jury trial. It happens after the pressure of the criminal case, so there's no urgency for a quick decision as there is with an appeal from a criminal conviction. So all of the policy reasons for treating it as a civil case, the appellate procedures apply here. Now, I think you're, I'm not sure that you're responding to Judge Pez's question. Let's assume it's civil. Well, 28 U.S. Code 636C, I think it is, requires that a magistrate have stipulation by both parties to enter a final order, and there isn't such thing here, is there? Well, Your Honor. There's no comparable rule in criminal matters. So either way, there had to have been some sort of a stipulation, Well, we are relying on 636C, and it seems to me, Your Honor, that when the government filed the quorum nobis motion in front of the magistrate, the government signed a joint motion. So both the defense and the government both signed the joint motion that was filed in front of the magistrate. And I would suggest that fairness requires this Court to regard a party that files a motion in front of the magistrate judge to have be deemed to have consented to the magistrate judge hearing the matter. Well, it's one thing to consent to the magistrate judge hearing the matter. It's another thing to agree that the magistrate judge can enter a final order, a judgment. I don't see the difference. The motion is requesting. There's a difference. There's a significant difference. Well, the motion is requesting a final judgment. There is a difference. If there – I mean, I grant that you perceive one. Whatever it is, it should not make – it should not be a distinction. It should not be a reason not to proceed under 636C, which expressly authorizes a direct appeal to this Court. But, you know, Your Honor, I don't actually – I'm not – I think it may very well be appropriate to remand this case in any event to allow the defense to prove up the violation that both parties in effect stipulated to in the filing of the original motion. And so I'm not sure that this particular issue – I mean, I may resolve it from the standpoint of your caseload, but I would – You see, we're a court of limited jurisdiction. I see. You know, in the ideal world, you know, we should hear everything that comes before us, everything that walks through the door. But that isn't the way it works. Well, I would just submit that 636C, since there was, in effect, consent of both parties. Like the judge said in Arkansas, Little Rock, that don't cut no ice. Well, it is a Federal statute that confers jurisdiction on this Court to hear a direct appeal. It's a direct appeal from a magistrate judge in a civil matter, Your Honor. So I would urge this Court to allow the statute to cut some ice. I would like to reserve a minute. I'm sorry I didn't ask for that sooner. That's all right. I would just say that the heart of the merits is the failure to take a confrontation waiver and a self-incrimination waiver during this misdemeanor plea. And we belatedly tried to introduce some evidence on that through the request for judicial notice, and I would concede it would be appropriate to allow the other side, if you do grant the request, to allow the other side to brief the significance of that. But my point is that the lack of a transcript of the plea in this case, we cannot assume that it cuts one way or the other. Now, because the government filed the joint motion with the defense, there was no need to put in evidence as far as what actually happened during the plea proceeding, because both parties agreed that in this misdemeanor case, with deportation consequences, the plea should be vacated as involuntary. And since both parties agreed, the defense did not need to introduce evidence on that. And so we would urge the court to remand the matter to the magistrate judge for the purpose of allowing the defense to prove up the allegations of the petition, because we were, in effect, sandbagged by the prosecution's drastic change in position, from filing a joint motion asking for the relief to now on appeal complaining about the lack of the very record that caused them to agree to file a joint motion in the first place. Well, maybe if you go back to the district court and there's a joint motion in front of the district court judge, maybe the district court would be more sympathetic. If you do remand, I believe it would be for the district judge to hear an appeal from the decision of the magistrate judge. So we would ask you to remand to the magistrate judge. I would like to reserve whatever time. I'll work it out. You've got three seconds. I would. Thank you. Okay. May it please the court. My name is Bruce Ferg. I'm an assistant United States attorney appearing on behalf of the government in this case. I think the court has put its finger on what is really the critical issue here, and that is that this court simply does not have jurisdiction of this attempted appeal, the reason being that, as the court's case in Sulok very clearly indicated, that if a matter is criminal, a misdemeanor, that it must go to the district court first. So is this, in quorum nobis, a criminal case or not? And this is where we get into the disputed footnote in the United States Supreme Court Morgan case. But the bottom line is that this court has already decided that. In the Yasui case, if I'm pronouncing it correctly, this court opted, knowing that there were differences of opinion about that footnote, to say quorum nobis is, in fact, essentially criminal. And that, I think, correlates with the language that the Supreme Court even used in that footnote, because it says it is criminal, but it is similar or of the nature procedurally of 2255. Well, I have a note here. It tells me that on December 1, 2002, a new provision was added to Rule 4A to remedy the split of authority among Federal courts of appeals as to whether the 30-day civil time frame set forth in Rule 4A or the 10-day criminal time frame set forth in Rule 4B applies. And the rule now states that an order, an appeal from an order granting or denying an application for a writ of error quorum nobis is an appeal in a civil case. That's correct. Versus a Rule 4A. But the problem with that is that that is after the fact with regard to this case. Well, I mean, if it's civil, it's civil. But the jurisdictional defect had already occurred before that rule went into effect. As you noted, the effective date is December 1. This appeal was taken the preceding August, so there is a period of three or four months when jurisdiction had already been lost. And even the promulgation order from the Supreme Court says that it's only to apply to those cases which are pending insofar as just and practical. It didn't say we can retroactively bestow jurisdiction which has already been lost. So it's helpful to have that for future cases, but it doesn't. Just and practical. Well. Just and practical to restore jurisdiction that's already gone? I don't think so. I don't know the case law, you know, working out that kind of statement which has been used infrequently in its orders. But, again, a retroactive bestowal of jurisdiction which has already been lost, I suspect not. Well, it's pretty clear that he, you know, he sought to appeal, went to the wrong court. Why can't we just transfer this back down to the district court? Well, essentially, I think that that's what the Ono case, which I did cite in my brief, indicates is the appropriate thing to do, that as long as it's still within at least the civil time period, then you go back. But it's not to go to the merits. It's simply to determine whether there was excusable neglect in the failure to do what you're supposed to have done the first time. So we're not talking about a remand to give him basically what he wants, which is a complete on the merits review by the district court. It is simply to determine whether there was excusable neglect for him to do what he did, which was ignore the time limits and jump to this court. Counsel, if we have no jurisdiction, do we have jurisdiction? We have jurisdiction to determine our jurisdiction, and if we don't, we dismiss it, don't we? Well, to me, that is the more logical. And as I mentioned in the brief, there are cases from other circuits which simply say that. I'm not interested in logic. I'm interested in what the law requires. Well, unfortunately, that's what both Sulock and the subsequent cases say, is that in the determination of your jurisdiction, you can go ahead and send it back for dealing with those kinds of issues. For the record, I wouldn't. Transfer back. We basically transfer it back, I think, is what the cases say. That may have been the nomenclature. I don't recall at the moment. But as I say, I think that the jurisdictional issue is essentially dispositive, and you shouldn't get to the merits. For the record, we do object strenuously to the attempt to inject material from a totally separate case into this one by, quote, judicial notice. This Court's case law indicates that that simply is not an appropriate use of judicial notice, and even if it were, the relevance is missing. This is another case, six months separated, different defendant, and given that we are, if we're talking about the merits, we are extraordinarily prejudiced, not only by the lack of the tapes, which were destroyed a year before he bothered to file his petition, but by the death of the magistrate himself. So there is no authoritative evidence that we will be able to present. I thought it was interesting that there was a stipulated motion to start with. That was before my time. And that doesn't happen very often. And I can't tell you why it was. I tried to talk to the people who were involved. Some had left. Others simply had no independent recollection. But I think, and again, we're getting to the merits, which ---- I understand. I just thought that was, you know, kind of unique. As I read it, the language of the original motion, which was a joint, is rather carefully phrased, and it specifically talks in terms of Boykin and the lack of a record. And at that point, there was apparently no record available in the district court at all. Subsequently to that, the successor magistrate, Judge Carruth, how he did it, again, doesn't appear from the record, but he was able to unearth a certain amount of records, not all that we'd like to have, but there was at least a stipulation to the magistrate or acceptance of the magistrate's jurisdiction in the original plea and some other paperwork so that we have at least on the face of it a presumptively correct proceeding. And it was at that point that our office apparently said, well, we're not going to be able to go any further with you with this, because if you'll notice the supplement to the motion, which is actually what Carruth ruled on the merits to, we did not join on that. And so at the very least, you know, I declined to admit that we'd sandbagged anybody. By that point, it was clear that the U.S. Attorney's Office was not going hand in hand with their request. And so if he had some kind of evidence to justify why there was an eight-year delay, he should present it, and he didn't. Thank you. Three very brief points. One is there was no objection by the government to this supplemental material in the district court. Second point, the change in Rule 4 applies to cases that were pending as of December 1st, 02. And this case was clearly pending as of December 1st, 02. Therefore, we're asking this Court to rule. Pending in the district court, or was it pending here? Well, it talks about appellate matters that were pending as of December 1st, 02. When was the notice of appeal filed? August 8th. 2002. Before December 2. So the appeal was clearly pending on December 2. And the last point is what was the last point? You know, it slipped my mind, and I will therefore just simply request that this Court rule. Well, you know, I'm sympathetic to those slippages. So if you think about it, just send us a little note. I don't want you to miss it. Yes. Thank you. The question was, your question, why did the government file a joint motion? I'm just more of a curiosity than anything else. Yes. I suggest that it's possible that they did so because they were aware that this particular magistrate judge's practice was to omit taking a confrontation waiver and a self-incrimination waiver, as was established, his practice in 93, by these judicial notice papers that hopefully I will get in at some point. Thank you. Oh, I see. Okay. Well, that matter is submitted, and thank you very much. We'll go to number five.
judges: Pregerson, Beam, Paez